**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CAROLINE JEAN-BAPTISTE

## DEFENDANTS

POST COMMERCIAL REAL ESTATE, et. al.

**(b)** County of Residence of First Listed Plaintiff     Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Olugbenga O. Abiona, ABIOLA LAW PLLC,
215-625-0330, P. O. Box 3326, Cherry Hill, NJ 08034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| | | | 790 Other Labor Litigation | 862 Black Lung (923) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [x] 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 2000e-et seq.

Brief description of cause:
Race Discrimintory Termination of Employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $        CHECK YES only if demanded in complaint:

JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE   5/4/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Kent Road, Upper Darby, PA

Address of Defendant: _____ 1021 N. Hancock Street, Philadelphia, PA 19123

Place of Accident, Incident or Transaction: _____ Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/4/2022 _____ Must sign here _____ 57026

Attorney-at-Law / Pro Se Plaintiff _____ Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.**  **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  **Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Olugbenga O. Abiona, Esq. , counsel of record *or* pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of \$150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 5/4/2022 _____ Signature if applicable _____ 57026

Attorney-at-Law / Pro Se Plaintiff _____ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

--------------------------------

| | |
|---|---|
| CAROLINE JEAN-BAPTISTE | : CIVIL ACTION No. |
| Plaintiff, | : |
| vs. | : |
| | : |
| POST COMMERCIAL REAL ESTATE, LLC | : |
| BEN CUTLER, and MELISSA SHERMAN | : |
| Defendants | : |

## COMPLAINT AND JURY DEMAND

### I.    INTRODUCTION

1.    Plaintiff in the above captioned matter, claims a sum in excess of Three

Hundred Thousand Dollars ($300,000.00) in damages and upon her causes of

action, avers as follows:

2.    This action for monetary damages and other appropriate relief is brought by

Plaintiff to redress violations by Defendants Post Commercial Real Estate, LLC.,

(hereinafter "Post"), Ben Cutler (hereinafter "Cutler") and Melissa  Sherman

(hereinafter :Sherman"), rights secured to Plaintiff by the laws of the United States

of America and the Commonwealth of Pennsylvania.

3.    This action arises under the Civil Rights Act 42 U.S.C. §1981, which

prohibits discrimination on the bases of race, and retaliation by employers and any

person because of complaints of race discrimination, and is brought by Plaintiff to

1

redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate discrimination and retaliation by Defendants.

4.      This action also arises under the PHRA which prohibits discrimination on the bases of race and national origin, and retaliation by employers and any person because of complaints of race and or national origin discrimination, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful and deliberate discrimination and retaliation by Defendants.

5.      This action also arises under the Civil Rights Act 42 U.S.C. Section 2000e-1, et seq., (Title VII) for the violation of Plaintiff's under that statute by Defendant Post.

6.      Plaintiff has exhausted her administrative remedies for these claims under Title VII. On or about March 31, 2022, the EEOC issued Plaintiff her right to sue Post in the federal courts. See copy attached.

## II.    JURISDICTION, VENUE AND PARTIES

8.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.  This Court also has supplemental jurisdiction over Plaintiff's state law claims.

9.      The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

10.    Plaintiff, Caroline Jean-Baptiste, is an adult individual, residing at Kent Road, Upper Darby, Pennsylvania, and belongs to the protected classes under the applicable statutes in this case.  Plaintiff is a black, African-American by race and Haitian by national origin.

11.    Defendant, Post Commercial Real Estate, Inc., is a business entity registered to operate business in the Commonwealth of Pennsylvania, with its offices located at 1021 N. Hancock Street, Philadelphia, PA 19123.

12.    Defendant Ben Cutler, Caucasian, is a citizen of the United States and upon information and belief currently resides within the Commonwealth of Pennsylvania.

13.    Defendant Melissa Sherman, Caucasian, is a citizen of the United States, and upon information and belief is a resident of Philadelphia.

## III.   **BRIEF STATEMENT OF FACTS**

14.    Plaintiff was employed by Post as a Leasing Specialist 2 in or about February 2012.

15.    Plaintiff is black/African American by race and Haitian by national origin.

16.    Plaintiff asserts that she has been subjected to race discriminatory adverse actions and retaliatory actions by Defendant after complaining of race discrimination to management.

3

17.    Plaintiff left Post's employment briefly in February 2018 and returned in March 2019.

18.    Meaghan Nacey (hereinafter "Nacey") (white female) was hired by Post in May 2019 and Cham (white male) was hired by Post in March 2019.

19.    Nacey and Plaintiff were the two Leasing Specialists at Post's Piazza, Northern Liberties properties.

20.    Nacey was treated more favorably than Plaintiff by Post's Leasing Manager Ben Cutler (hereinafter "Cutler") (white male).

21.    In or about November 2019, right after a conversation with Cutler and Nacey, Plaintiff was force-transferred from the Piazza properties by Cutler to Post's Presidential City properties, resulting in a pay cut in Plaintiff's compensation.

22.    Plaintiff was the most senior Leasing Specialist at the Piazza properties and one of the best leasing specialists, but Plaintiff was the one that was subjected to this adverse action.

23.    After Plaintiff was transferred out of the Piazza, Post replaced Plaintiff at the Piazza properties with Kim Boyd (white female).

24.    On or about July 7, 2020, Plaintiff met with Post's H.R. Manager, Robin Ilbak and complained about the racial bias and disparities treatment Plaintiff was experiencing at Post Commercial involving Cutler.

4

25.     On or about April 27, 2021 Plaintiff and Jacqueline DeLawrence (hereinafter "DeLawrence") (white female), were sitting at their respective desks, working and on the phone, when Cutler and Melissa Sherman (hereinafter "Sherman") (white female) walked into the office.

26.     Cutler walked directly to Plaintiff, while Plaintiff was still on the phone with a client, and introduced Sherman as the new Assistant Leasing Manager.   Plaintiff made eye contact and said hello and pointed to the phone, indicating she was with a client on the phone. But, Cutler leaned over to Plaintiff and said to Plaintiff in a derogatory manner, "What's up with you not greeting me?"

27.     In front of Sherman and DeLawrence, as well as clients who were also in the office, Cutler stated that Plaintiff needed to get up and greet him higher and better than everybody else.   Cutler then told Plaintiff to pack up her desk, that he was sending Plaintiff home and that Plaintiff needed to leave the office immediately.

28.     Cutler did not say anything to DeLawrence who was also sitting there and had not greeted Cutler.

29.     Plaintiff told Cutler that she would call the Vice President to report Cutler's behavior.   Cutler responded, "No, get out, leave. You can't call anyone in here".

30.     Plaintiff was upset at Cutler's harassment and hostile work environment, which was racially motivated as he did not say anything to DeLawrence.

5

31.     This was also retaliatory because of Plaintiff's previous complaint about
Cutler's racially motivated actions to Post's HR Director.

32.     Plaintiff left and went outside of the office and called Post's Vice President,
and reported Cutler's harassment to Post's Vice President and Human Resources
Manager.  They told Plaintiff to go to the Management office and sit there. After a
while they called and told Plaintiff to go back to the leasing office; that Cutler had
left.

33.     Sometime following this incident, Sherman pulled Plaintiff aside and told
Plaintiff that she would now be reporting to Sherman and that Cutler said Plaintiff
was not to have any contact with him or Cham. This was again retaliatory.

34.     On or about May 13, 2021, Plaintiff had a Zoom meeting with Post's
Management where Plaintiff again brought up the discriminatory treatment she had
been subjected to and her desire to be promoted like other Leasing Specialists who
had been promoted (without Plaintiff provided the opportunity to compete for
those promotions), even though Plaintiff had more seniority with Post than these
white co-workers.

35.     Nacey was made a Team Leader on or about February 3, 2021, Cham, who
was hired in March 2019, was promoted to Team Leader on or about December 2,
2020, and Sherman was hired as an Assistant Manager in or about May 2021,

6

without Post giving Plaintiff an equal opportunity to be promoted to any of these positions.

36.     Cham was again promoted to Leasing Manager on or about July 2, 2021. But, Plaintiff was not giving any opportunity to be promoted to this position as well.

37.     Defendant never posted these positions so that Plaintiff could have an equal opportunity to compete for the positions.

38.     At the May 13, 2021 Zoom meeting Plaintiff told Post's management that she had been with the company for almost ten years but was not promoted, and that she would like to be promoted to at least a Team Leader.  Plaintiff was told that they wanted to give her a Team Leader position but Plaintiff would have to go through a 30-day evaluation.  This was the first time a 30-day evaluation was required by Post in order to be promoted to the Team Leader position. Neither Nacey nor Cham were made to go through a 30-day evaluation to receive their promotions.

39.     After this meeting Plaintiff sent an email to Post's management and asked why she had to go through a 30-day evaluation before she could be promoted to Team Leader and she asked what she had to do in those 30 days.

40.     Three weeks later, Plaintiff got an email from Cutler who gave Plaintiff a list of what Plaintiff should be doing as part of this so-called "evaluation".

41.    On or about June 1, 2021, Plaintiff complained to Post's H.R. Manager Robin Ilbak about Post's systematic race discrimination practices of Plaintiff being denied opportunities for promotion at the company for these positions.

42.    Thereafter Plaintiff was told she would be sent to The Irvine property located at 52nd and Baltimore Avenue in West Philadelphia as the Team Leader at that property.

43.    This in essence would have resulted again in less compensation to Plaintiff. The Irvine property had only 285 units and was 90% occupied, while the Presidential where Plaintiff worked had 1,021 units.

44.    When Nacey was promoted to Team Leader by Cutler, she was given a base salary of $50,000, which was higher than the Team Lead base salary at that time; Team Lead salaries started at $45,000. Nacey was also awarded additional bonuses higher than other team leads.

45.    Plaintiff was also treated differently from non-black employees by Sherman.

46.    Sherman verbally told DeLawrence that she felt that it was "easier to work with the Caucasian agents in the office", than to work with Plaintiff or her black co-worker, Sasha Bowen.  DeLawrence also complained about this exchange to HR.

47.    Plaintiff was falsely accused of being away from her desk for hours at a time and was falsely written up for infractions Plaintiff did not commit.

48.     Plaintiff was also denied adjustment to her work schedule that other co-workers were permitted to do.

49.     Sherman told Plaintiff that Plaintiff was intimidating, and accused Plaintiff of setting and being a bad example/influence on the Caucasian agents in the office.

50.     On September 1, 2021 Plaintiff was issued a disciplinary warning notice which falsely alleged that Plaintiff was insubordinate and falsely alleged to have spoken to Sherman with "a tone that was demeaning and demanding" when Plaintiff had not done so.

51.     Yet, Caucasian co-worker Hunter Faddis, who had used a demeaning tone in addressing Plaintiff in group text messages that Sherman was a part of was not charged with violating the company policy.  Neither was Cutler charged with violating company policy when he harassed Plaintiff and sent Plaintiff out of the office.

52.     Cutler also told Plaintiff that she was a poor agent and that he would continue "getting rid of the bad seeds" at the Presidential City office, after Cutler terminated another female African American co-worker, Myriah Jackson, in front of Plaintiff. Myriah was terminated in the conference room in the leasing office, while Plaintiff was seated at her desk, and then walked out by Cutler.

53.     Both Sherman and Cutler made false, negative and derogatory statements about Plaintiff's character to other Caucasian employees in the office and in the company, as well as to the CEO, Mike Pestronk and Matt Pestronk.

54.     After meeting and speaking with Human Resources numerous times about unfavorable treatment and practices within the office and company, Plaintiff was told by Human Resources to "not give anyone a reason to complain about you." Cutler has treated Caucasian co-workers more favorably than Plaintiff by taking Meaghan Nacey out to lunch on multiple occasions, as well as verbally promising Caucasian co-workers Ashley Leonard and Meaghan Nacey that he would promote them to Leasing Managers. Cutler would also visit the Presidential City leasing office purposely on days that Plaintiff would be scheduled off, to meet and engage with the other Caucasian leasing agents.

55.     Cutler had Meaghan Nacey reporting Plaintiff's whereabouts to Human Resources, as well as telling Plaintiff directly that she could not contact or communicate with anyone in the corporate office.

56.     Cutler would also charge deposits quicker for the Caucasian Leasing Agents, while making the African American agents wait for a deposit to be charged.

57.     Plaintiff asserts that Defendants have violated her rights under Title VII, Section 1981 and the PHRA by subjecting Plaintiff to harassment and hostile work environment because of her race and national origin, by denying Plaintiff equal

opportunity for promotion to the positions of Team Leader, Assistant Leasing Manager and Leasing Manager because of her race and national origin, all of which Plaintiff was qualified for, and by subjecting Plaintiff to retaliatory actions and retaliatory hostile work environment for engaging in protected activity.

58.     The environment in the office has become increasingly stressful for Plaintiff, and she has been experiencing stress and anxiety going into work and being in the office. Plaintiff persistently complained to Defendant's Human Resources about the stress, hostility and anxiety she has been experiencing as a result of the conduct of these managers.

59.     On Saturday, February 5, 2022, Plaintiff heard Sherman and two Leasing Agents Gabby and Alina discussing Plaintiff's personal time card, and their desire to have Plaintiff transferred to another office, when Sherman then stated that, "She was working on it". In addition to that, while talking about Plaintiff, Gabby referred to Plaintiff as "a miserable bitch" and that Plaintiff was a "weirdo". No disciplinary action was taken against Gabby by Sherman.

60.     Thereafter Plaintiff requested a meeting with HR and Melissa Sherman to discuss her unprofessional behavior in the leasing office regarding Sherman discussing Plaintiff's personal information with other agents and engaging in defamation of Plaintiff's character.

11

61.    This initial meeting was held via Zoom on March 17, 2022, where this matter was discussed with Sherman.

62.    Plaintiff has also been subjected to excessive monitoring by Defendants, with Hunter and other employees secretly following Plaintiff around and reporting back to Sherman when Plaintiff would come to the property for tours with her clients.  Hunter and Sherman constantly spoke ill of Plaintiff in the Rittenhouse Hill leasing office, which Plaintiff disclosed to Defendant's Human resources, with no remedial action taken against these two individuals.

IV            **STATEMENT OF CLAIM**

## COUNT ONE- TITLE VII VIOLATION-RACE AND NATIONAL ORIGIN DISCRIMINATION
## PLAINTIFF v. DEFENDANT POST

63.    Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 62 above as if same were fully set forth at length herein.

64.    The acts and conduct of Defendant Post, acting through its managers, directors, supervisors and agents as stated above where they subjected Plaintiff to racial and national origin motivated harassment and hostile work environment, failure to promote to Team Leader, Assistant Leasing Manager and Leasing Manager were violations of Title VII of the Civil Rights Act.

65.    As a direct and proximate result of the said discriminatory practices of Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits,

loss of future earning power, loss of back pay, as well as mental anguish,

emotional distress, humiliation, and damage to reputation.

## COUNT TWO- SECTION 1981 VIOLATION-RACE DISCRIMINATION PLAINTIFF v. ALL DEFENDANTS

66.    Plaintiff incorporates by reference all allegations alleged in paragraphs 1

through 65 above as if same were fully set forth at length herein.

67.    The acts and conduct of Defendants as stated above where they subjected

Plaintiff to racially motivated harassment and hostile work environment, failure to

promote to Team Leader, Assistant Leasing Manager and Leasing Manager were

violations of Section 1981 of the Civil Rights Act.

68.    As a direct and proximate result of the said discriminatory practices of

Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits,

loss of future earning power, loss of back pay, as well as mental anguish,

emotional distress, humiliation, and damage to reputation.

## COUNT THREE – TITLE VII VIOLATION-RETALIATION PLAINTIFF v. DEFENDANT POST

69.    Plaintiff incorporates by reference all allegations alleged in paragraphs 1

through 68 as if same were fully set forth at length herein.

70.    Plaintiff exercised her rights under Title VII by opposing what she

reasonably believed were violations of her rights by Defendants' conducts, and

13

complaining to Defendants and the EEOC about been subjected to racial and national origin motivated discriminatory actions.

71.     After complaining to Defendants and the EEOC of been subjected to discriminatory conducts, Plaintiff was subjected to retaliatory actions by Defendants for engaging in protected activities under the Civil Rights Act, Title VII.

72.     The acts and conducts of Defendant Post through its managers, directors, executives and agent as stated above where Plaintiff was subjected to adverse employment actions, including retaliatory harassment and hostile work environment after complaining of and/or opposing race and/or national origin discrimination are violations of Title VII.

73.     As a direct and proximate result of said violation of the Civil Rights Act, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, and interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT FOUR – SECTION 1981 VIOLATION-RETALIATION
## PLAINTIFF v. ALL DEFENDANTS

74.     Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 73 as if same were fully set forth at length herein.

14

75.   Plaintiff exercised her rights under Section 1981 by opposing what she reasonably believed were violations of her rights by Defendants' conducts, and complaining to Defendants and the EEOC about been subjected to racially motivated discriminatory actions.

76.   After complaining to Defendants and the EEOC of been subjected to discriminatory conducts, Plaintiff was subjected to retaliatory actions by for engaging in protected activities under the Civil Rights Act, Section 1981.

77.   The acts and conducts of Defendants as stated above where Plaintiff was subjected to adverse employment actions, including retaliatory harassment and hostile work environment after complaining of and/or opposing race discrimination are violations of the Civil Rights Act 42 U.S. C. Section 1981.

78.   As a direct and proximate result of said violation of the Civil Rights Act, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, and interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT FIVE- PHRA VIOLATION
## RACE AND NATIONAL ORIGIN DISCRIMINATION
## PLAINTIFF vs. ALL DEFENDANTS

79.   Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 78 above as if same were fully set forth at length herein.

80.     The acts and conduct of Defendants as stated above where Plaintiff was

subjected to racial and national origin motivated discrimination and harassment

and hostile work environment were violations of the PHRA.

81.     Defendants Cutler and Sherman as stated above aided and abetted in the

racial and national origin motivated discrimination and harassment and hostile

work environment of the Plaintiff by Defendant Post.

82.     As a direct and proximate result of the said discriminatory practices of

Defendants in violation of the PHRA, Plaintiff has sustained loss of wages and

earnings, loss of benefits, loss of future earning power, loss of back pay, as well as

mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT SIX – PHRA VIOLATIONS – RETALIATION
## PLAINTIFF v. ALL DEFENDANTS

83.     Plaintiff incorporates by reference all allegations alleged in paragraphs 1

through 82 as if the same were fully set forth at length herein.

84.     The acts and conduct of Defendants as stated above where Plaintiff was

subjected to adverse actions by Defendants after complaining and or opposing race

and national origin discrimination were violations of the PHRA.

85.     Defendants Cutler and Sherman aided and abetted the retaliatory actions

taken against Plaintiff by Defendant Post.

16

86.    As a direct and proximate result of the said retaliatory practices of

Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits,

loss of future earning power, loss of back pay, front pay, and interest due therein as

well as mental anguish, emotional distress, humiliation, and damages to reputation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendants and

request that this Honorable Court:

A.    Enter judgment against Defendants for back pay, front pay, loss of income,

loss of benefits, pre and post judgment interests, costs of suit, compensatory

damages, punitive damages, attorneys' fees and expert witness fees as

permitted by law; and

B.    Award such other equitable relief, as the Court may deem necessary and

just, including but not limited to an Order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this
Complaint.

Olugbenga O. Ablona, Esquire
Attorney ID # 57026
P.O. Box 3326
Cherry Hill, NJ 08034
(215) 625-0330
Attorney for Plaintiff

Dated: May 3, 2022

17

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Miss Caroline Jean-Baptiste<br>39 Kent Road<br>UPPER DARBY, PA 19082 | From: | Philadelphia District Office<br>801 Market St, Suite 1000<br>Philadelphia, PA 19107 |

| EEOC Charge No.<br>530-2021-03783 | EEOC Representative<br>Legal Unit | Telephone No.<br>(267) 589-9707 |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough
03/31/2022

**Karen McDonough**

Enclosures(s)

cc:     **Jason Cabrera**
        **Cozen O'Conor**
        JCabrera@cozen.com
        **Robin Ilbak**
        **POST COMMERCIAL REAL ESTATE**
        robin@postrents.com

        **Olubenga Abiona**
        **ABIONA LAW, PLLC**
        oluesq@aol.com